33 F.3d 59
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PHOENIX ASSURANCE CO. OF NEW YORK, a corporation doing
business in Washington, Plaintiff-Appellee,
v.
D & K TRUCKING, formerly a business entity doing business in
Washington; Willis Enterprises, Inc., its successor
corporation doing business in Washington; Paul Willis, an
individual, Defendants-Appellants.
 No. 93-35363.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 10, 1994.
 
 Before: WRIGHT, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A review of the extrinsic evidence presented by the parties unambiguously demonstrates that the log crane was not covered by the "additional acquired property" clause. That provision only covers property "similar" to property already insured under the policy. We conclude the log crane was manifestly dissimilar to the other types of equipment insured by Phoenix.
 
 
 3
 The district court correctly noted that, prior to purchasing the log crane, Willis' primary business was log hauling; the equipment he insured with Phoenix related to this line of work. Considered in this context, it's clear the "additional acquired property" clause was intended to cover equipment "similar" to that used in the ordinary course of log hauling operations. But the enormous size and restricted mobility of the log crane essentially precluded its use in connection with log hauling. Indeed, Phoenix presented unrefuted evidence that the log crane would be "of no use whatsoever to a log-hauling business." SER 59. Moreover, the log crane alone was worth considerably more than the combined value of all the other property insured under the policy, a further indication that coverage for this massive, costly piece of machinery simply wasn't contemplated by the parties. We decline defendants' invitation to give the policy a "strained or forced construction that leads to an absurd conclusion." Transcontinental Ins. Co. v. Washington Pub. Utils. Dist. Util. Sys., 760 P.2d 337, 340 (Wash.1988).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3